842

UNITED STATES of America,
Appellee,

v.

Frank SPADARO, also known
as "Ciccio", Defendant–
Appellant,

Anthony J. Dragonetti, also known as
John Carpenter; Giacomo Anello, also
known as Jack Anello; Michael Am-
endolara, Defendants.

Docket No. 03–1625.

United States Court of Appeals,
Second Circuit.

May 12, 2004.

UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED,
AND DECREED that defendant's appeal
be and hereby is DISMISSED.

Larry H. Krantz, Krantz & Berman
LLP, New York, NY, for Appellant.

Michael J. McGovern, Assistant United
States Attorney (Gary Stein, Assistant
United States Attorney, of counsel, David
N. Kelley, United States Attorney for the
Southern District of New York, on the
brief), United States Attorney's Office for
the Southern District of New York, New
York, NY, for Appellee.

PRESENT: FEINBERG, MESKILL
and CABRANES, Circuit Judges.

SUMMARY ORDER

Defendant Frank Spadaro appeals from
a judgment of conviction entered in the
District Court on October 8, 2003, follow-

ing a guilty plea to one count of conspiracy to distribute and possess with intent to distribute at least one kilogram of heroin, in violation of 21 U.S.C. § 846, and one count of knowingly possessing with intent to distribute at least two kilograms of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A), and 18 U.S.C. § 2. The District Court sentenced defendant principally to a term of 60 months' imprisonment.

Defendant's sole claim on appeal is that the District Court failed to recognize that defendant's age and infirmity alone provided sufficient grounds for a downward departure. At sentencing, defendant sought downward departures based on numerous asserted facts: his recent diagnosis of late-stage colon cancer, his age of 71 years, his history of skin cancer, his constant pain due to herniated discs, his diabetes, and certain pressures he was under at the time he committed the offenses. The District Court noted that defendant was entitled to "consideration under Sections 5H1.1 and 5H1.4 of the sentencing guidelines for a downward departure," sections which relate to age and infirmity.[1] The Court concluded that a downward departure based on age or infirmity individually was not appropriate, but nonetheless departed downwardly pursuant to Section 5K2.0, based on the combination of factors presented.[2] Judge Batts therefore departed from the sentencing range of 135 to 168 months, otherwise dictated by the Guidelines, and sentenced defendant to 60 months. Defendant argues that the District Court, if it had correctly understood

its power to depart based individually on defendant's age and infirmity, may have granted an even larger departure than it did.

" '[I]t is well established in this Circuit that a court's decision not to depart from the Guidelines is normally not appealable." ' *United States v. Lainez–Leiva,* 129 F.3d 89, 93 (2d Cir.1997) (quoting *United States v. Brown,* 98 F.3d 690, 692 (2d Cir.1996)). The only exceptions to this rule are "where the defendant shows that a violation of the law occurred, that the Guidelines were misapplied, or that the refusal to depart was based on the sentencing court's mistaken conclusion that it lacked the authority to depart." *Lainez–Leiva,* 129 F.3d at 93.

Where a defendant asserts that the district court misunderstood its authority to depart, we apply a "strong presumption" that "district judges understand the much-discussed processes by which they may, in circumstances permitted by law, exercise discretion to depart from the sentencing range prescribed by the Guidelines calculus." *United States v. Brown,* 98 F.3d 690, 694 (2d Cir.1996). We can find no evidence in the record to overcome such a presumption. It is clear that Judge Batts denied a downward departure that was based solely on age or infirmity, not because she concluded that she lacked authority to depart, but because she saw such a departure as inappropriate. *See United States v. Whittaker,* 999 F.2d 38, 43 (2d Cir.1993) (refusing to review an appeal where the record showed that "the district court denied a downward departure be-

---

1. U.S.S.G. § 5H1.1 provides that "age may be a reason to impose a sentence below the applicable guideline range when the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration." U.S.S.G. § 5H1.4 provides that "an extraordinary physical impairment may be a reason to depart downward."

2. U.S.S.G. § 5K2.0 recognizes the authority of a district court to depart downwardly in certain "exceptional" cases "based on a combination of two or more offender characteristics or other circumstances, none of which independently is sufficient to provide a basis for departure."

cause it concluded that such departure would not be appropriate, not because it concluded it had no authority to depart").

Nor did the District Court misapply the Guidelines by declining to grant defendant a downward departure based on age or infirmity alone. Even if defendant had established his eligibility for departures under Sections 5H1.1 or 5H1.4, the language of those sections authorizes, but does not require, a departure. We therefore cannot review the District Court's decision that such a departure under Sections 5H1.1 or 5H1.4 was inappropriate.

\*    \*    \*    \*    \*    \*

We have considered all of defendant's arguments and found his claim to be unreviewable. Accordingly, defendant's appeal is **DISMISSED**.